Michael **BUTLER**, Plaintiff–Appellant,

v.

**RAYTEL MEDICAL CORPORATION,**
Defendant–Appellee.

**Docket No. 04–5233–CV.**

United States Court of Appeals,
Second Circuit.

Sept. 27, 2005.

Michael G. O'Neill, New York, New York, for Plaintiff–Appellant.

Adam Saravay, McCarter & English, LLP (Christopher S. Mayer, on the brief), Newark, New Jersey, for Defendant–Appellee.

Present: STRAUB, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.*

* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

**46**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 27th day of September, Two thousand and five.

Plaintiff-appellant Michael Butler claims that the district court erroneously granted summary judgment to defendant Raytel Medical Corporation ("Raytel"). We assume the parties' familiarity with the facts of the case, the relevant procedural background, and the issues on appeal.

■ Butler cites two pieces of evidence that he argues give rise to a genuine issue of material fact as to his claim that he was discharged in retaliation for complaints about racial discrimination. First, he claims that his termination was prompted by an employment survey in which he mentioned racial discrimination.[1] The district court properly disregarded this testimony under the "sham affidavit" rule of *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572 (2d Cir.1969).

Butler argues that the sham affidavit rule should not apply here, because his declaration in support of his opposition to the motion for summary judgment did not clearly contradict any affirmative statement in his deposition. In his deposition, Butler was asked several questions about the content of his survey response and never mentioned discrimination. Nor did his counsel question him about it, which we considered suspect in *Perma Research.* *See* 410 F.2d at 578. Furthermore, Butler was asked in his deposition whether he had made "any other complaints to anybody at Raytel concerning what you believe to be race discrimination." He answered, "Not to my knowledge," and so his declaration did in fact contradict a clear statement. Furthermore, in *Perma Research* itself, we affirmed a district court's rejection of a summary judgment affidavit where that affidavit supplied information that had been conspicuously omitted during repeated questioning in a deposition. *Id.* at 578.[2]

■ Butler's second piece of evidence of retaliatory discharge was his testimony about a phone call he made to the Human Resources department of Raytel in late 1996 or early 1997 in which he complained about the work environment, and specifically his belief that minorities, in particular black males, "get this kind of harsh treatment." The district court properly concluded that Butler failed to produce evidence showing that this complaint re-

---

1. We reject Butler's claim that the district court abused its discretion in declining to impose a sanction against Raytel for its failure to retain a copy of the survey. *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir.2001). Nor did the cassette recordings of Butler's interaction with customers, which were also destroyed, have any relevance to Butler's *prima facie* case of discrimination.

2. Raytel argues that we should review the district court's disregard of Butler's declaration for manifest error. Although the Tenth Circuit appears to treat sham affidavit issues as evidentiary questions subject to manifest error review, *see Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir.2002), our prior cases have treated them merely as part of the summary judgment analysis, subject to the same de novo review as other aspects of the summary judgment question. *See Langman Fabrics v. Graff Californiawear*, 160 F.3d 106, 112–13 (2d Cir.1998) (declining to bar testimony under the sham affidavit rule because *"[t]hough, of course, a finder of fact may conclude* that the later elaboration suggests fabrication, we are not prepared to say *as a matter of law* that [the relevant testimony] cannot be considered at the summary judgment stage"*) (emphasis added). Whether the standard is de novo or otherwise, the district court's decision was appropriate.

flected "a good faith, reasonable belief that the underlying employment practice was unlawful," and that even if it reflected a good faith, reasonable belief of discrimination, Butler had failed to show a causal relationship between his complaint and his termination. *See Galdieri–Ambrosini v. National Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998) (plaintiff claiming retaliatory discharge must show, inter alia, a good faith reasonable belief in discrimination and a causal connection between the protected activity and the adverse action).

Butler claimed that his belief was reasonable because he had seen similarly situated white employees being disciplined less severely than blacks, but this claim was not supported by other record evidence or by specific examples in Butler's own testimony. *See Farias v. Instructional Sys.,* 259 F.3d 91, 99 (2d Cir.2001) (declining to accept "conclusory statements unsupported by the record" as grounds to deny summary judgment).

The district court also properly concluded that Butler failed to produce evidence of a causal connection between the protected activity and the adverse action. Butler offered no evidence that his supervisors ever became aware of his complaint, other than his apparent speculation that his supervisors inferred that sensitivity trainings and meetings had been triggered by his complaints to Human Resources officers in San Diego. Where there is no direct evidence of a causal relationship, a plaintiff may show a causal relationship by showing temporal proximity, *see Cifra v. GE,* 252 F.3d 205, 217 (2d Cir.2001) (finding a *prima facie* case established because only twenty days had elapsed between defendant learning that the plaintiff had hired an attorney to pursue gender discrimination claims against the defendant and the plaintiff's termination), but here approximately one year elapsed between the purported complaint and the adverse employment action, Butler's firing.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.